**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John M. Ladner, Terry T. Ladner, ) | No. CV-07-0253-PHX-JAT |
| Appellants, ) | **ORDER** |
| vs. ) | |
| U.S. Bankruptcy Court Decision, ) | |
| Appellee. ) | |

Pending before the Court is Appellants' Brief (Doc. # 8) regarding the January 16, 2007, Order Approving Reaffirmation Agreement from the United States Bankruptcy Court for the District of Arizona. The Court has reviewed Appellants' Brief and the record. Appellants request this Court to "reverse the requirement of the lower court that debtor's legal counsel must sign every reaffirmation agreement submitted to the court with the limitation that the certification is made only as of the date of the attorney's signature" (Doc. # 8 at 15).

The Court finds that the proposed issue does not present an Article III justiciable case or controversy. The Appellants, John Ladner and Terry Ladner ("the Ladners"), do not have standing to raise the present claim, the issue as presented to the Court suffers from mootness, and the claim asks the Court to proffer an advisory opinion.

I.    STANDING

The aggrieved party must have standing to appropriately invoke the jurisdiction of a

1 federal court. In other words, even in the event of a legitimate claim or injury, the proper
2 party must bring suit to be heard. Here, based on the facts and arguments as set forth in
3 Appellants' Brief, the party to whom alleged injury has occurred is not the Ladners, but their
4 counsel, Mr. Allegrucci (Doc. # 8 at 5-6) ("Ladners' legal counsel filed this appeal for
5 review"). The Ladners do not allege to have suffered any injury as a result of the bankruptcy
6 court's order requiring Mr. Allegrucci to sign the reaffirmation agreement. Nor can the
7 Ladners bring suit on behalf of Mr. Allegrucci, since he is third party for which the Ladners
8 have no standing.

## II.   MOOTNESS

Even if Appellants had standing to sue based on the claim alleged, the argument as presented in Appellants' Brief is moot. Although Mr. Allegrucci objects to the requirement that he sign the Ladners' reaffirmation agreement, he did so per the bankruptcy court's order in the proceedings below. Because Mr. Allegrucci signed the reaffirmation agreement, which the bankruptcy court subsequently approved, he does not appear to face pending injury (*See* Doc. # 4 at 11-12).

## III.   ADVISORY OPINION

Finally, Appellants' argument fails to comprehend the reluctant power of judicial review. Appellants seek prospective relief in future, unknown, unnamed adversary proceedings which this Court may not provide (Doc. # 8 at 5-6) ("Ladners' legal counsel filed this appeal for review of the requirement of the U.S. Bankruptcy Court Judge that *all* reaffirmation agreements in her court be signed by the debtors' legal counsel...") (emphasis added). Any opinion rendered by this Court on this issue would result in a hypothetical future scenario, which may or may not ever occur.

Based on the foregoing,

///

///

1 **IT IS ORDERED** that the Appellants' appeal from the bankruptcy court's January 16, 2007, Order Approving Reaffirmation Agreement is DISMISSED.

DATED this 23rd day of July, 2007.

_____
James A. Teilborg
United States District Judge

- 3 -